# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARUN BYRD,<br>    **Plaintiff,**<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br>    **Defendant.** | CIVIL ACTION<br><br><br><br>NO. 17-2993 |

## MEMORANDUM OPINION

Plaintiff Harun Byrd seeks review of the Social Security Administration's denial of his application for supplemental security income. 42 U.S.C. § 405(g). For the reasons that follow, Plaintiff's request for review is denied, and the decision of the Commissioner of Social Security is affirmed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for supplemental security income ("SSI") on June 27, 2013, claiming a disability based on a left hip impairment that began on March 1, 2013. The claim was initially denied, to which Plaintiff filed a written request for hearing. Consequently, the Administrative Law Judge ("ALJ") held two hearings on April 24, 2015 and June 18, 2015.

In the familiar five-step process for determining whether the Plaintiff was disabled, the ALJ concluded that Plaintiff could not proceed beyond step two because his left hip did not suffer from a "severe impairment." In particular, the ALJ found that while Plaintiff had medically determinable impairments, the statements "concerning the intensity, persistence and limiting effects" of his medical symptoms stemming from these impairments were "not entirely credible."

Plaintiff requested that the Appeals Council review the ALJ's decision. The Appeals Council denied the request. Plaintiff now seeks an order reversing the decision of the Commissioner of Social Security. *See* 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The Commissioner's decision is reviewed for "substantial evidence." *Newell v. Comm'r of Soc. Sec. Admin.*, 347 F.3d 541, 545 (3d Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This is "more than a mere scintilla of evidence but may be less than a preponderance." *Id.* "The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." *Plummer v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

## III.    ANALYSIS

"In order to establish a disability under the Social Security Act, a claimant must demonstrate that there is some medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Newell*, 347 F.3d at 545. The Social Security Act's regulations provide a five-step sequential evaluation process for determining whether a claimant is under a disability. *See* 20 C.F.R. § 404.1520. As relevant here, the Commissioner inquires whether an applicant suffers from an impairment or combination of impairments that is "severe." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

The principal issue before this Court is if Plaintiff's left hip impairment is "severe" under the second step of the five-step inquiry.[1] 20 C.F.R. § 416.920. A "severe" impairment is one

---

[1] The full five-step analysis queries whether the applicant "(1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is 'severe'; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy." *McCrea*, 370 F.3d at 360.

that limits the applicant's physical or mental ability to perform "basic work activities." *McCrea*, 370 F.3d at 360. "Basic work activities" are defined to include functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *Id.* Plaintiff contends that the ALJ erred in two respects by deciding that Plaintiff did not have a severe impairment: (1) the ALJ erred as a matter of law by failing to find his impairments severe and (2) the ALJ improperly discounted one report of Plaintiff's treating physician. The ALJ erred in neither respect.

### A. Step Two – Severe Impairment

"The burden placed on an applicant at step two is not an exacting one." *McCrea*, 370 F.3d at 360. "[S]tep two is to be rarely utilized as basis for the denial of benefits," and therefore "its invocation is certain to raise a judicial eyebrow." *Id.* at 361. Indeed, the applicant "need only demonstrate something beyond a 'slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" *Id.* (quoting SSR 85-28, 1985 WL 56856, at *3); *Newell*, 347 F.3d at 546 (holding that if claimant adduces evidence showing more than a "slight abnormality," the "step-two requirement of 'severe' is met, and the sequential evaluation should continue."). And any doubt as to whether the showing has been made "is to be resolved in favor of the applicant." *Id.* at 360. In sum, "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." *Id.* at 361.

The question here is whether the ALJ's conclusion – that Plaintiff failed to cross step-two's *de minimis* threshold – is supported by substantial evidence. *McCrea*, 370 F.3d at 360-61. To meet this threshold determination, Plaintiff had to satisfy the "duration requirement" by showing that he suffered a severe impairment that lasted twelve consecutive months since March

3

1, 2013.  *See* 20 C.F.R. § 416.909; *Zaccaria v. Comm'r of Soc. Sec.*, 267 F. App'x 159, 161 (3d Cir. 2008).

Substantial evidence supported the ALJ's determination in denying Plaintiff's application at step two because Plaintiff did not satisfy the duration requirement.  As the ALJ noted, the effects of his left hip impairment subsided by December 2013 after he had hip replacement surgery in October 2013.  During a post-operation follow-up on November 25, 2013, the physician observed that Plaintiff's pain after the surgery was well controlled.  By December 2, 2013, Plaintiff reported being "[v]ery pleased with outcome" of his hip surgery, wearing a hip brace at times.  R. 604.  Indeed, Plaintiff's "pain significantly improved," and he had a "back to normal" gait.  R. 604.  By January 2014, Plaintiff was no longer using a hip brace regularly.  R. 551.  Accordingly, by around December 2013 and January 2014, Plaintiff did not have a severe impairment for twelve consecutive months from the date of March 1, 2013.

Insofar as Plaintiff argues that his left hip impairment became severe once more in February 2014 when he fractured his left femur, he has similarly failed to satisfy the duration requirement for this new period.  20 C.F.R. § 416.909.  A physician in June 2014 concluded that his left hip remained "unchanged."  R. 543.  By July 2014, Plaintiff's treating physician observed that "overall he [was] doing well."  R. 521.  Plaintiff complained of pain in his groin after "long periods of walking," but still had full strength throughout his left lower extremity.  R. 521-22.  In addition, an x-ray of Plaintiff's hip showed a "[s]table appearance of total left hip prosthesis."  R. 526.  Thus, Plaintiff did not suffer from a severe impairment for twelve consecutive months from February 2014.

In short, the ALJ's conclusion at step two that Plaintiff did not have a severe impairment was supported by substantial evidence.

### B. The Opinion of Plaintiff's Treating Physician

Plaintiff furthermore contends that the ALJ erred in disregarding a document titled "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)," completed by Plaintiff's treating physician on April 17, 2015. R. 581-83. The Medical Opinion was a form report in which the treating physician made notations regarding Plaintiff's work limitations.

"An ALJ is not free to set [her] own expertise against that of physicians who present competent medical evidence." *Wallace v. Sec. of Health and Human Svcs.*, 722 F.2d 1150, 1155 (3d Cir. 1983) (internal quotation marks omitted). Remand is proper if the ALJ either misreads a medical report or rejects a "medical conclusion without explaining [her] reasons for doing so." *Id.* A treating physician's opinion may receive controlling weight if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in an applicant's case record. 20 C.F.R. § 416.927(c)(2).

The ALJ here gave the Medical Opinion its appropriate weight and did not misread the document. The Medical Opinion was a form report, which has low probative value. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("[F]orm reports in which a physician's obligation is only to check a box or fill in a blank are **weak evidence at best**.") (emphasis added); *Schmidt v. Comm'r of Soc. Sec.*, 465 F. App'x 193, 197 (3d Cir. 2012). Specifically, the Medical Opinion required Plaintiff's physician to check boxes and circle Plaintiff's apparent limitations. R. 581-83. No explanation was given in support of the physician's various conclusions, such as Plaintiff's ability to "lift and carry on a frequent basis" or his ability to "stand and walk (with normal breaks) during an 8-hour day." R. 581. Indeed, the ALJ considered the Medical Opinion and gave it little weight because the physician "based her opinion on 'x-rays of hip, physical

5

exam, surgical records' with no indication of what findings she made." R. 17. As the ALJ concluded, the physician did not apparently perform a physical examination of Plaintiff's left lower extremity in completing the Medical Opinion. *See* R. 624. Rather, Plaintiff himself reported to the physician that he was applying for disability insurance; needed her assistance in completing paperwork to describe his "physical issues"; and felt pain in his hip "with changes in temperature or humidity." R. 623. Because the Medical Opinion was not based on any objective testing performed by the treating physician and was instead predicated on the Plaintiff's subjective complaints, the ALJ properly gave it little weight.

The ALJ also pointed to medical evidence that contradicted the treating physician's conclusions in the Medical Opinion. *See Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (holding that an ALJ "may reject treating physician's opinion outright only on the basis of contradictory medical evidence."). For instance, the ALJ noted that by summer of 2014, Plaintiff was weaning off his pain medication, as indicated in Plaintiff's medical record. R. 17; R. 521 (doctor gave Plaintiff "one last prescription for Percocet for pain."). The same physician who issued Plaintiff's last prescription for pain medication added that Plaintiff's "Left Hip demonstrate[d] a well healed incision," and that his left lower extremity was at full strength. R. 522. The ALJ therefore did not err in refusing to give the Medical Opinion controlling weight.

Because the ALJ did not err in denying Plaintiff's request for SSI at step two or in giving his treating physician's Medical Opinion little weight, the ALJ's decision to deny Plaintiff's claim for SSI is affirmed. An appropriate order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

Date: 4/27/18                                          **WENDY BEETLESTONE, J.**